UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KARIN L ANDERSON,<br><br>　　　　Defendant. | Case No. 14-cv-03809-JCS<br><br>**ORDER GRANTING LEAVE TO SERVE SUMMONS UPON DEFENDANT BY PUBLICATION AND DENYING AWARD OF COSTS FOR REFUSAL TO WAIVE SERVICE**<br><br>Re: Dkt. No. 16 |

## I.    INTRODUCTION

Plaintiffs Scott Felix and Patricia Shuey filed a Motion for Leave to Serve the Summons upon Defendant by Publication and Award of Costs for Refusal to Waive Service ("Motion").  In the Motion, Plaintiffs ask the Court to allow service upon Defendant Karin Anderson by publication, pointing to evidence that due to Defendant's intentional evasion of service, they have been unable to serve Defendant despite extensive efforts. Plaintiffs further request that the Court award costs incurred as a result of Defendant's refusal to waive service. A hearing on the Motion was held on February 6, 2015. For the reasons stated below, the Motion is GRANTED in part and DENIED in part.

## II.    BACKGROUND

On August 21, 2014, Plaintiffs filed the Complaint in this matter bringing claims including fraud, constructive fraud, and conversion. The Complaint alleges that Defendant—Patricia's sister—agreed to manage Patricia's real property, finances, and family trust for Plaintiffs' benefit, but later sold Patricia's house in California $200,000 under market value and used the trust's funds to buy a house in Maryland, near where Defendant lived—without discussing any of these

decisions with Patricia first. *See* Complaint at 3-4.

Plaintiffs' counsel declares that on September 19, 2014, "after investigation into the whereabouts of defendant," the summons and complaint were provided to One Legal Online Court Services ("One Legal") for personal service upon Defendant. *See* Decl. of Richard Sax in Supp. of Motion for Leave to Serve the Summons upon Defendant by Publication and Award of Costs for Refusal to Waive Service ¶ 3 ("Sax Decl.").

In a Declaration of Diligence, One Legal's Sarah Decker enumerates ten separate attempts to serve Defendant at 7007 Woodland Avenue in Tahoma, Maryland—the address listed as Defendant's "Home" in the Declaration of Diligence. *See* Sax Decl., Ex. 1. In particular, Decker states that on September 28, 2014, she "spoke with a woman who states her name is 'Patty' [and that Defendant] was not home," but "server believes the lady is lying and this was defendant," and the lady refused to accept the papers. *See id.* Decker states that later, on October 27, 2014, she "received [a] call from Karin Anderson [who] confirmed that she resides at address" and that "someone tried to serve her papers from CA one time and she told them it wasn't her." *See id.* According to Decker, in that same conversation, "Ms. Anderson also informed server that she goes to the 'Senior Funhouse' on Mon/Wed/Fri and that she will call to set up meeting." *See id.* Decker's declaration, signed November 4, 2014, does not refer to any other phone calls with Defendant. *See id.*

Plaintiffs' counsel states that on November 18, 2014, he received a phone call from an attorney with a Maryland office address who said that he represented Karin Anderson and requested that Mr. Sax provide him with the summons and complaint in this action. *See* Sax Decl. ¶ 6. On November 19, 2014, Plaintiffs' counsel emailed the attorney the summons and complaint in this action as well as a state court action and asked how Defendant wanted to proceed. *See* Sax Decl., Ex. 2 (November 19, 2014, Email to Sean R. Day). The Court's record contains no response to the email.

According to Plaintiffs' counsel, on December 9, 2014, he received a letter from an attorney with a San Francisco office address stating that her office represents Defendant. *See* Sax Decl. ¶ 8. On December 12, 2014, Plaintiffs' counsel mailed the San Francisco attorney—Jean L.

2

1  Bertrand—the pleadings for this action as well as a state court action, a notice and
2  acknowledgment of receipt under Cal. Code Civ. Proc. § 415.30, and a request to waive service.
3  *See* Sax Decl., Ex. 3 (December 12, 2014, Letter to Jean L. Bertrand). On December 19, 2014,
4  Jean L. Bertrand faxed Plaintiffs' counsel a letter confirming receipt of the mailed items and
5  stating, "We are not authorized to accept service on behalf of Karin Anderson." *See* Sax Decl., Ex.
6  4 (December 19, 2014, Bertrand's Faxed Letter to Mr. Sax). The letter from Bertrand carried the
7  notation "cc via email: …Karin Anderson." *See id*.

## III.   REQUEST FOR SERVICE BY PUBLICATION

### A.   Legal Standard

Service upon an individual defendant in a judicial district of the United States may be effected pursuant to the state law where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1). Under California law, service by publication is permissible when:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . .
> (1) A cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50. The key inquiry for the Court is whether Defendant cannot with "reasonable diligence" be served by another available method. *Id*.

To determine whether a plaintiff has exercised "reasonable diligence," a court must examine the affidavit required by the statute to see whether the plaintiff took steps that "a reasonable person who truly desired to give notice would have taken." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Reasonable diligence denotes a "thorough systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995). In *Aevoe Corp. v. Pace*, No. C 11-3215 MEJ, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011), the court found that service by publication was appropriate where plaintiff (1) hired a private investigator to track down defendant, (2) attempted personal service and service by mail to defendant's two addresses, (3) emailed and called defendant, which did not lead to a response.

Because of due process concerns, service by publication must be allowed "only as a last resort." *Donel*, 87 Cal. App. 3d at 332. That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* at 333. Before allowing a plaintiff to resort to service by publication, the courts must require her to show "exhaustive" attempts to locate the defendant. *Watts*, 10 Cal. 4th at 749 (internal citations omitted). In *Castillo-Antonio v. Azurdia*, No. C-13-05709 DMR, 2014 WL 7206609, at *3 (N.D. Cal. Dec. 18, 2014), plaintiff attempted personal service at defendant's believed address four times, attempted service by mail, hired a private investigator who made "indirect contact" with defendant confirming the address, and retained a process server who made four more attempts at service, but the court denied service by publication in part because the term "indirect contact" was too vague and plaintiff did not investigate defendant's known business address, email defendant, or contact his friends, family, or co-defendant.

However, when there is evidence that a defendant is evading service, courts are more willing to allow alternative methods such as service by publication. *See Miller v. Superior Court In & For Los Angeles Cnty.*, 195 Cal. App. 2d 779, 786 (1961) ("A person who deliberately conceals himself to evade service of process is scarcely in a position to complain over much of unfairness in substitutive methods of notification [namely service by publication] enacted by the Legislature to cope with such situations"). In *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, No. C 13-80246 WHA, 2014 WL 1877547, at *1 (N.D. Cal. May 9, 2014), the court allowed service of defendant by email as well as publication if needed, where defendant demonstrated a pattern of evading service: despite process server's eight attempts to serve defendant at his last-known address, plaintiff counsel's email to defendant asking to set up a meeting, and defendant's informal agreements to meet with plaintiff's counsel, defendant never showed up and stopped responding to emails.

**B.     Discussion**

Here, Plaintiffs have, with reasonable diligence, tried to serve Defendant by other means. Their efforts include: (1) an investigation into Defendant's address; (2) ten attempts by a process

server to personally serve Defendant at her home under Cal. Code Civ. Proc. § 415.10; (3) an attempt by the process server to set up a meeting with Defendant; and (4) an attempt to mail and email copies of the pleadings to Defendant via both of Defendant's purported attorneys. *See* Sax Decl. ¶¶ 3–10, Exs. 1–4. Mr. Sax's declaration and the attached exhibits suggest that Plaintiffs have made exhaustive efforts to locate Defendant. They have attempted in good faith practically every available avenue of serving Defendant.

Moreover, the declaration and exhibits support the conclusion that Defendant has actual notice of the lawsuit; therefore, the typical due process concern in allowing service by publication is less applicable in this scenario. *See Donel*, 87 Cal. App. 3d at 332. Here, Defendant apparently retained two attorneys who were not only aware of the lawsuit but also reached out to Mr. Sax regarding the lawsuit. *See* Sax Decl. ¶ 6 ("Mr. Day...requested that I provide him with the summons and complaint in this action") & Ex. 4 (December 19, 2014, Bertrand's Faxed Letter to Mr. Sax) ("Please call me if you are interested in discussing possible resolution of our clients' dispute"). Further, Defendant has been "cc['d] via email" by her lawyer specifically about Plaintiffs' attempts to serve her. *See* Sax Decl., Ex. 4 (December 19, 2014, Bertrand's Faxed Letter to Mr. Sax). Finally, Defendant actually had a phone conversation with the process server. *See* Sax Decl., Ex. 2 (Declaration of Diligence). The evidence suggests that Defendant is aware of the pending litigation against her and is evading service. *See Miller*, 195 Cal. App. 2d at 786.

In light of Plaintiffs' exhaustive efforts to serve Defendant by other means and the likelihood that Defendant has actual knowledge of the lawsuit and is evading service, Plaintiffs' Plaintiffs' request for leave to serve Defendant by publication is GRANTED in part. Before effecting service by publication, Plaintiffs shall make a final attempt to provide copies of pleadings to Defendant by mail and following the procedures outlined in Cal. Code Civ. Proc. §§ 415.30 and 415.40. Plaintiffs shall mail the papers to 7007 Woodland Avenue in Tahoma Park, Maryland as well as any newly discovered addresses of Defendant. Then, if Plaintiffs do not receive acknowledgment of receipt of summons (*see* § 415.30) or satisfactory proof of service (*see* §§ 415.30, 417.20) within 35 days of mailing the papers, they shall effect service by publication in The Gazette–a newspaper of general circulation in Maryland including Tahoma Park. *See*

Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Leave to Serve the Summons upon Defendant by Publication and Award of Costs for Refusal to Waive Service. Publication shall occur once a week for four successive weeks pursuant to California Government Code § 6064.

## IV. REQUEST FOR AWARD OF COSTS

Plaintiffs' request for costs of service is DENIED without prejudice. Once Defendant is served, Plaintiffs may renew this request. However, the Court cannot impose on Defendant any costs "incurred in making service," where Defendant has not been served. Fed R. Civ. P. 4(d)(2).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is GRANTED in part as to Plaintiffs' request for leave to serve by publication, with the additional requirement to attempt proper service by mail upon Defendant, and DENIED without prejudice as to Plaintiffs' request for an award of costs under Rule 4(d)(1). Plaintiffs shall have 90 days from the date of this order in which to effect service.

**IT IS SO ORDERED.**

Dated: February 9, 2015

_____
JOSEPH C. SPERO
Chief Magistrate Judge