UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EMERSON FELIX, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KARIN L ANDERSON, <br><br> Defendant. | Case No. 14-cv-03809-HSG <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT** <br><br> Re: Dkt. No. 89 |

Plaintiffs Scott Emerson Felix and Patricia Shuey allege six causes of action: (1) Fraud, (2) Constructive Fraud, (3) Conversion, (4) Constructive Trust, (5) Resulting Trust, and (6) Accounting. Dkt. No. 61. Pending before the Court is Defendant Karin Anderson's motion for summary judgment on grounds that the statutes of limitations for the claims have passed. Having reviewed the parties' arguments, the Court GRANTS IN PART and DENIES IN PART the motion for summary judgment.[1]

I.  **LEGAL STANDARD**

Summary judgment must be entered against a party who, after adequate time for discovery and upon motion, fails to make a showing sufficient to establish an element essential to that party's case, and on which that party would bear the burden of proof at trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment may carry its initial burden by pointing out to the district court that there is an absence of a genuine

---

[1] The Court found this matter suitable for resolution without oral argument, pursuant to Civil Local Rule 7–1(b).

1  issue of material fact. *Id.* at 323. To avoid summary judgment, the nonmovant must set forth
2  specific facts showing that there remains a genuine issue of material fact for trial. *Id.* at 324. A
3  factual dispute is genuine if a reasonable jury could return a verdict for the nonmoving party.
4  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence of the nonmovant is to
5  be believed, and all justifiable inferences are to be drawn in the nonmovant's favor. *Id.* at 255. If
6  the nonmoving party's evidence is merely colorable or is not significantly probative, then
7  summary judgment may be granted. *Id.* at 249-50.

## II.  DISCUSSION

Defendant moves for summary judgment, arguing that the statutes of limitations on Plaintiffs' claims have passed.

### A.  Evidentiary Objections

"To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001); *see also Chartis Specialty Ins. Co. v. Aqua Scis. Engineers, Inc.*, No. 11-CV-03669-JST, 2013 WL 4647288, at *3 (N.D. Cal. Aug. 29, 2013) ("The Court's focus at summary judgment is not on the form of the evidence submitted, but on whether its content would be admissible."). Rule 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

For example, "hearsay evidence attached to an affidavit may be considered at summary judgment if the out-of-court declarant could present the evidence through direct, admissible testimony at trial." *Chartis Specialty Ins. Co.*, 2013 WL 4647288, at *3 (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003)). However, because "[a]uthentication is a condition precedent to admissibility," "unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

United States District Court
Northern District of California

Documents can be authenticated by any manner permitted by Federal Rules of Evidence 901(b) or 902, not just personal knowledge. *Id.* at 774.

### 1. Plaintiffs' Evidentiary Objection

The Court denies Plaintiffs' objection to Gregory Clayton's Investigation Report ("the 2007 Report"), *see* Dkt. No. 92, Ex. A. Clayton's declaration established that the report is his work product, on letterhead, matching letterhead he used at the time the report was made, signed by him, and created using a real estate tool he routinely uses when conducting investigations. Dkt. No. 92 at ¶ 3. Clayton's declaration further establishes, based on his routine business practices at the time, that he was contacted by Felix in July 2007 to investigate the matters contained in the 2007 Report. The Court finds the report properly authenticated, *see* Fed. R. Evid. 901(b)(1), (4).

### 2. Defendant's Evidentiary Objections

Defendant makes several objections to Felix's declaration and attached Exhibits A through D, *see* Dkt. No. 96. To the extent that the Court relies on this evidence in this order, it has only relied on relevant evidence. *See Neal v. Juarez*, No. 06CV0055 J(JMA), 2007 WL 2140640, at *2 (S.D. Cal. July 23, 2007) ("Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." (quoting *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). The Court further notes that it has only considered testimony and evidence that is based on Felix's personal knowledge and that is not inadmissible hearsay testimony. Accordingly, the Court has not considered the portions of Felix's declaration and attached exhibits that do not pertain to the alleged agreement between Defendant and Plaintiff Patricia Shuey or the properties relevant in this action. The Court addresses Defendant's specific objections, if relevant to the outcome of the order, below.

### B.   Causes of Action 1-4: Fraud, Constructive Fraud, Conversion, and Constructive Trust

"[A] plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). Under California Civil Procedure Code § 338(d), the statute of limitations for claims grounded in fraud is three years. Accordingly, Plaintiffs were required to bring their claims for fraud, constructive

1  fraud, and conversion within three years of the alleged wrong.  *See*, *e.g.*, *AmerUS Life Ins. Co. v.*
2  *Bank of Am., N.A.*, 143 Cal. App. 4th 631, 639 (2006) (applying three-year statute of limitations to
3  conversion action).
4        Plaintiffs' fourth cause of action for constructive trust is an equitable remedy, requiring
5  Plaintiffs to establish the gain of their property by fraud or other wrongful act.  *See Kraus v.*
6  *Willow Park Pub. Golf Course*, 73 Cal. App. 3d 354, 373 (Ct. App. 1977).  "Because a
7  constructive trust is not a substantive device but merely a remedy . . . , an action seeking to
8  establish a constructive trust is subject to the limitation period of the underlying substantive right."
9  *See Upham v. Fox*, No. C 13-3377 MMC, 2014 WL 1379607, at *5 (N.D. Cal. Apr. 8, 2014).
10 Because Plaintiffs' constructive trust claim is based upon the same fraudulent conduct as the first
11 three causes of action, the three-year statute of limitation applies here as well.  *See Nevarez v.*
12 *Nevarez*, 202 Cal. App. 2d 596, 602 (Ct. App. 1962) ("If an action to impose a constructive trust is
13 based on fraud or mistake it is governed by the three-year statute under section 338.").
14       Moreover, § 338 codifies the discovery rule, which delays accrual of the limitations period
15 "until the plaintiff discovers, or has reason to discover, the cause of action."  *Fox v. Ethicon Endo-*
16 *Surgery*, Inc., 35 Cal. 4th 797, 807 (2005).  "A plaintiff has reason to discover a cause of action
17 when he or she 'has reason at least to suspect a factual basis for its elements.'"  *Id.* (quoting
18 *Norgart*, 21 Cal.4th at 398); *see V.C. v. Los Angeles Unified Sch. Dist.*, 139 Cal. App. 4th 499, 515
19 (2006).  Courts "do not take a hypertechnical approach to the application of the discovery rule,"
20 and instead "look to whether the plaintiffs have reason to at least suspect that a type of
21 wrongdoing has injured them."  *Fox*, 35 Cal. 4th at 807.
22       Here, Plaintiffs contend that the limitations period should be delayed under the discovery
23 rule, arguing that "it was not until 2014 that Defendant informed the Plaintiffs that she did not
24 intend to return any of Plaintiff's property that she had held on their behalf."  Dkt. No. 95 at 1.  In
25 applying the discovery rule, however, the Court finds that Plaintiffs were on inquiry notice of the
26 facts constituting the fraud *at the very latest* by 2007.  The 2007 Report established that the
27 Guerneville property was sold in 1993 for $13,500.  Accordingly, upon receipt of the report,
28 Plaintiffs had constructive notice of the alleged wrongdoing—that is, that Defendant sold the

Guerneville property "for approximately $160,000.00 under its fair market value" and concealed the sale from Plaintiffs. Dkt. No. 61 at ¶ 29.[2] The Court finds that the report gave Plaintiffs information about the circumstances that would put a reasonable person on notice of the alleged wrongdoing. *See Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1111 (1988) ("So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her."); *Fox*, 35 Cal. 4th at 807-08 ("[P]laintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] investigation." (internal quotation marks omitted)).

Plaintiffs' contention that any fiduciary relationship between the parties makes the discovery rule "much less applicable" does not change the Court's conclusion. Dkt. No. 95 at 11. The existence of a "special relationship" does not negate the discovery rule, but rather reinforces the principle that statute of limitations "should not be interpreted so as to bar a victim of wrongful conduct from asserting a cause of action before he could *reasonably be expected to discover its existence*." *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1318 (2007) (emphasis added); *Moreno v. Sanchez*, 106 Cal. App. 4th 1415, 1423-24 (2003). That risk does not exist here. The report sufficiently established a basis for reasonable suspicion of wrongdoing.

Because Plaintiffs had reason to discover the causes of action in 2007, the limitations period began in 2007. *See E-Fab, Inc.*, 153 Cal. App. 4th at 1318-19. Applying the three-year limitations period, Plaintiffs were required to file the lawsuit by 2010, but failed to do so until 2014. Accordingly, the Court grants summary judgment as to the first four causes of action because the claims are time barred and, as described below, Plaintiffs' tolling arguments are without merit.

### 1. California Code of Civil Procedure, § 351

First, Plaintiffs argue that tolling is required under § 351 of the California Code of Civil Procedure. By its terms, § 351 tolls the limitations period when a defendant is out of state.[3]

---

[2] The Court relies on Plaintiffs' factual assertions in the complaint, finding they are judicial admissions binding on Plaintiffs. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988).

[3] Section 338 states:

Plaintiffs contend that Defendant lived in Maryland starting in 2003, and that as a result the limitations period has been tolled since then. In support, Plaintiffs rely on Felix's declaration, which provides as follows: "I have known for many years that Karin held possession of property and funds that belonged to my mother and me as her only son. Throughout this time, and at least since 2003, Karin did so while she lived in Maryland." Dkt. No. 96 at ¶ 3.

To begin with, the Court grants Defendant's objection, concluding that this portion of Felix's declaration is inadmissible under Federal Rule of Evidence 602 as lacking a basis in personal knowledge. It is undisputed that Felix was incarcerated from 1982 to 1993 and from 1996 to the present day, *see* Dkt. No. 97-2, and Felix provides no basis for *how* he knew that Defendant lived in Maryland starting in 2003.

The Court notes that even if it were to consider Felix's declaration, § 351 could not provide a basis for tolling as its application would be unconstitutional. To evaluate the statute's constitutionality, the Court compares the "burden the tolling statute places on interstate commerce" with "the interests of the State." *Bendix Autolite Corp. v. Midwesco Enters., Inc.*, 486 U.S. 888, 891 (1988); *see also Abramson v. Brownstein*, 897 F.2d 389, 392 (9th Cir. 1990). In doing so, the Court finds that California's interest in alleviating "any hardship that would result by compelling [Plaintiffs] to pursue [D]efendant out of state" does not support the resulting burden on interstate commerce because "the California long arm statute would have permitted service on [Defendant] throughout the limitations period." *See Abramson*, 897 F.2d at 392-93 (finding the statute poses "a significant burden" by forcing "a nonresident individual engaged in interstate commerce to choose between being present in California for several years or forfeiture of the limitations defense, remaining subject to suit in California in perpetuity"); *see also Galvani v. Galvani*, No. C 11-2062 PJH, 2011 WL 4080338, at *5 (N.D. Cal. Sept. 12, 2011) (applying the reasoning to a defendant who leaves the state for personal reasons and who is not necessarily

---

> If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action.

1 engaged in interstate commerce, holding the individual is "entitled to the same protection under
2 the Commerce Clause as a nonresident engaged in commerce").  Because § 351's application
3 would be unconstitutional, the Court rejects Plaintiffs' contention that the statute provides a basis
4 for tolling.

### 2. Equitable Estoppel

Second, Plaintiffs rely on an equitable estoppel argument.  "Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal quotation marks omitted).  A plaintiff bears the burden of pleading and proving fraudulent concealment. *Conmar v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 502 (9th Cir. 1988).  To meet its burden, the plaintiff must establish all of the substantive elements of fraud and provide an excuse for late discovery of facts.  *See Brown v. Shimano Indus. Co.*, 960 F.2d 152, 1 (9th Cir. 1992) (unpublished) (citing *Cmty. Cause v. Boatwright*, 124 Cal. App. 3d 888, 900 (Ct. App. 1981)).  With respect to the belated discovery, the complaint also must allege "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Cmty. Cause*, 124 Cal. App. 3d at 900.  Finally, California applies the discovery rule to fraudulent concealment claims as well.  *See Bowman v. McPheeters*, 77 Cal. App. 2d 795, 798 (1947); *AmerUS Life Ins. Co.*, 143 Cal. App. 4th at 639.

Relying on paragraphs 9 through 12 of Felix's declaration, Plaintiffs contend that Defendant must be equitably estopped from asserting a limitations defense because "Defendant told Plaintiffs to have faith in their arrangement, that she would take care of them, that she would do right by them, that they were in good hands."  Dkt. No. 95 at 8.  Applying the discovery rule, the Court finds Plaintiffs' equitable estoppel claim fails.

Initially, the Court notes that contrary to Plaintiffs' contention paragraphs 9 through 12 do not include any of the following statements—that is, that "Defendant told Plaintiffs to have faith in their arrangement, that she would take care of them, that she would do right by them, that they

United States District Court
Northern District of California

were in good hands." Next, the Court addresses Defendant's evidentiary objections to paragraphs 9 through 12. The Court denies the hearsay objections, noting that Defendant's statements are those of a party opponent, and thus admissible under Fed. R. Evid. 801(d)(2), *see Orr*, 285 F.3d at 773, and that the statements of Felix's mother or Uncle Mike would be admissible not for the truth, but for the effect on the listener, *see* Dkt. No. 96 at ¶ 10, lines 25-27; ¶ 11, lines 6-7. The Court, however, sustains Defendant's relevance objection to Exhibit A, Dkt. No. 96, as the letter pertains to a property that is unrelated to the claims in this action, as well as Defendant's authentication objection to Exhibit D, Dkt. No. 96, as Felix's declaration provides no basis to support the exhibit's authenticity. Although Exhibits B and C remain a part of the record, there is nothing in either letter that suggests Defendant prevented Plaintiffs from timely pursuing their claims.[4] Additionally, the Court finds inadmissible the portions of each paragraph that are not based on Felix's personal knowledge. *See* Dkt. No. 96. Finally, before turning to the discovery rule, the Court notes that even if it had ruled in Plaintiffs' favor on each evidentiary objection, the record would remain entirely lacking in any facts to support Plaintiffs' fraudulent concealment claim. Indeed, the bulk of these paragraphs are largely unhelpful because they relate to Defendant's agreement with Mike Shuey, and not to the agreement between Defendant and Patricia Shuey. *See*, *e.g.*, Dkt. No. 96 at ¶ 11 ("She consistently said she would return Uncle Mike's property when he qualified for a loan or could pay the entire mortgage to have the house placed back in his name").

Under the discovery rule, the Court finds that Plaintiffs have not offered any evidence tending to excuse their failure to discover the alleged fraud. As discussed, the 2007 Report would have raised reasonable suspicion, warranting further investigation. Plaintiffs offer no explanation as to why they could not have discovered the alleged wrongdoing in light of the notice provided by the 2007 Report, and they have failed to explain how Defendant induced them to stop inquiring

---

[4] The Court denies Defendant's contention that Exhibits B and C, *see* Dkt. No. 96, are not properly authenticated. Felix's declaration states that he recognizes the signatures on each document, which is a sufficient basis under Rule 901(b)(2). Moreover, that Felix was in prison during this time is an issue of weight that goes to the credibility of his opinion, not the exhibits' admissibility.

further about the properties specific to this matter.[5] Accordingly, Plaintiffs have failed to demonstrate reasonable diligence in pursuit of their claims, and tolling on this basis is not appropriate. *See Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 933-34 (1994) (fraudulent concealment tolls the running of the statute until the wrongdoing is "discover[ed], or through the exercise of reasonable diligence[,] should have [been] discovered").

### 3. Equitable Tolling

Plaintiffs reargue fraudulent concealment as a basis for equitable tolling, appearing to confuse the concepts of equitable tolling and equitable estoppel. Under California law, equitable tolling relieves plaintiff from the bar of a limitations statute when plaintiff, "possessing several legal remedies . . . , reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage, thereby allowing the statutory period to run." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (internal quotation marks omitted); *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987) ("Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternate course of action as a precondition to filing suit."); *see*, *e.g.*, *Elkins v. Derby* 12 Cal.3d 410 (1974) (tolling statute of limitations on a personal injury action while plaintiff asserts workers' compensation remedy). California courts have developed a three-part test as a prerequisite to invoking this doctrine: (1) timely notice in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend the second claim; and (3) good faith and reasonable conduct by plaintiff in filing the second claim. *Collier v. City of Pasadena*, 142 Cal.App.3d 917, 922-24 (1983) (summarizing the history and rationale behind the doctrine of equitable tolling). "[T]he effect of equitable tolling is that the limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 371 (2003) (emphasis omitted).

Given that Plaintiffs simply repeat their fraudulent concealment argument, the Court denies tolling on an equitable tolling basis, finding that it does not apply on this record.

---

[5] Defendant's statements about properties involved in the agreement between Michael Shuey and Defendant do not create a colorable fraudulent concealment claim in this case. Plaintiffs have offered no evidence to explain why Defendant's statement about an unrelated agreement and separate properties would cause Plaintiffs to refrain from pursuing the claims in this action.

### C. Causes of Action 5-6: Resulting Trust and Accounting

Plaintiffs' fifth cause of action for a "resulting trust" has a four-year statute of limitations under California Code of Civil Procedure § 343. Moreover, the statute of limitations does not begin to run until there has been a repudiation of the trust. *See Berniker v. Berniker*, 30 Cal. 2d 439, 448 (1947) ("[T]he statute of limitations did not commence to run until demand (upon the trustee) and (his) refusal to account."); *In re Estate of Yool*, 151 Cal. App. 4th 867, 875 (2007); *McCosker v. McCosker*, 122 Cal. App. 2d 498, 501 (1954).

Plaintiffs' sixth cause of action for accounting is a derivative action, "proper where there is an unliquidated and unascertained amount owing that cannot be determined without an examination of the debts and credits on the books to determine what is due and owing." *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal.App.4th 1105, 1136-37 (2014); *Janis v. Cal. State Lottery Commission*, 68 Cal.App.4th 824, 833-34 (Ct.App.1998). "[W]here an accounting is treated as an independent cause of action," it still depends "upon a substantive basis for liability." *Upham*, 2014 WL 1379607, at *3; *see also Glue–Fold, Inc. v. Slautterback Corp.*, 82 Cal.App. 4th 1018, 1023 n.3 (2000).

Plaintiffs contend that the statute of limitations for the resulting trust did not accrue until 2014, when Defendant repudiated the trust, refusing to return the property. Under *Yool*, the statute of limitations began running when this repudiation occurred. Because the lawsuit was filed in 2014, the resulting trust cause of action was timely filed. Moreover, because the accounting claim is derivative, the sixth cause of action also remains viable. *See Upham*, 2014 WL 1379607, at *3 (holding that "the nature of the right sued upon, not the form of action or the relief demanded, determines the applicability of the statute of limitations").

### III. CONCLUSION

For the reasons described, the Court grants Defendant's summary judgment motion in part, finding that the statute of limitations has run as to the first four causes of action. The Court denies summary judgment as to the fifth and sixth causes of action.

The Court sets a case management conference for July 5, 2016 at 2:00 p.m. The parties should be prepared to discuss the remaining causes of action, as well as the scheduling of a

settlement conference.

**IT IS SO ORDERED.**

Dated: 6/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

11